IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VERONICA WHISMAN            PLAINTIFF

VS.            CASE NO. 6:25-cv-06063-SOH

AL RAJABI; JASON INGLE;
THE ARLINGTON HOTEL;
SKY ASSOCIATES LLC            DEFENDANTS

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Al Rajabi, Jason Ingle, Arlington Resort Hotel & Spa (incorrectly named The Arlington Hotel), and Sky Associates LLC, for their answer to plaintiff's complaint ("the complaint"):[1]

1.     Admit, on information and belief, the allegations contained in Section I(A) of the complaint.

2.     Deny the allegations contained in Section I(B) of the complaint.

3.     Admit that the Court has jurisdiction over this matter but deny the allegations contained in Section II of the complaint, including allegations of sexual harassment, deliberate indifference, and retaliation.

4.     Admit that plaintiff was a former employee of Sky Associates while working at Arlington Resort Hotel & Spa and that plaintiff was terminated in April 2025 after failing to report to work for three shifts in a row and not providing any notice on why she was absent. Defendants deny that plaintiff was unlawfully

---

[1] Plaintiff filed the complaint on June 20, 2025. Since then, she has filed an addendum and supplement to the complaint prior to the completion of service on defendants. *See* ECF Docs. 7, 10. Defendants assert that the filings do not properly state her claims for relief in accordance with Rules 8(a), 8(d)(1), and 10(b) of the Federal Rules of Civil Procedure.

3430272-v1

discriminated or retaliated against; deny plaintiff's allegations of sexual harassment, retaliation, and deliberate indifference; deny the claims asserted by plaintiff in the complaint; deny that plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever; and otherwise deny the remaining allegations contained in Section III of the complaint.

5. Deny that defendants caused any injuries to plaintiff; deny that plaintiff was unlawfully discriminated or retaliated against; deny plaintiff's allegations of sexual harassment; deny the claims asserted by plaintiff in the complaint; deny that plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever; and otherwise deny the remaining allegations contained in Section IV of the complaint.

6. Deny that plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever and otherwise deny the remaining allegations contained in Section V of the complaint.

7. State the allegations contained in Section VI of the complaint do not require a response. To the extent a response is required, those allegations are denied.

8. State that the Advisement paragraph of the complaint does not require a response. To the extent a response is required, those allegations are denied. Defendants further deny plaintiff was unlawfully discriminated or retaliated against; deny plaintiff's allegations of sexual harassment; deny the claims asserted by plaintiff in the complaint; and deny that plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever.

3430272-v1

9. State that the allegations included in the Legal Memorandum in Support of the complaint (*see* ECF Doc. 2-1) are legal conclusions to which no response is required. To the extent a response is required, defendants deny those allegations. Defendants further deny plaintiff was unlawfully discriminated or retaliated against; deny plaintiff's allegations of sexual harassment; deny the claims asserted by plaintiff in the complaint; deny that plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever; and otherwise deny the remaining allegations in the Legal Memorandum in Support of the complaint (*see* ECF Doc. 2-1).

10. State that plaintiff purports to attach past earnings statements issued to her by Sky Associates compensating her for time worked during her employment with Arlington Resort Hotel & Spa in Exhibit 2 (*see* ECF Doc. 2-2) of the complaint. To the extent a response is required from defendants, defendants admit that she was previously employed at Arlington Resort Hotel & Spa; deny that plaintiff was unlawfully discriminated or retaliated against; deny plaintiff's allegations of sexual harassment; deny the claims asserted by plaintiff in the complaint; deny that plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever; and otherwise deny all allegations contained in Exhibit 2 (*see* ECF Doc. 2-2) of the complaint.

11. State that plaintiff purports to attach a Notice of Right to Sue received from the Equal Employment Opportunity Commission (EEOC) on May 6, 2025 to the complaint. *See* ECF Doc. 2-3. To the extent a response is required from defendants, defendants admit that she was previously employed at Arlington Resort Hotel & Spa;

deny that plaintiff was unlawfully discriminated or retaliated against; deny plaintiff's allegations of sexual harassment; deny the claims asserted by plaintiff in the complaint; deny that plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever; and otherwise deny all allegations contained in ECF Doc. 2-3.

12. State that plaintiff purports to include her Charge of Discrimination and other correspondence between her and the EEOC and her and potential legal counsel in Exhibit 4 (*see* ECF Doc. 2-4) of the complaint. To the extent a response is required, defendants admit that she was previously employed at Arlington Resort Hotel & Spa; deny that plaintiff was unlawfully discriminated or retaliated against; deny plaintiff's allegations of sexual harassment; deny the claims asserted by plaintiff in the complaint; deny that plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever; and otherwise deny all allegations contained in ECF Doc. 2-4.

13. State that plaintiff purports to include an addendum to the complaint (*see* ECF Doc. 7) providing information needed to assist the Court with ordering service on the defendants. To the extent a response is required, defendants admit that she was previously employed at Arlington Resort Hotel & Spa; deny that plaintiff was unlawfully discriminated or retaliated against; deny plaintiff's allegations of sexual harassment; deny the claims asserted by plaintiff in the complaint; deny that plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever; and otherwise deny all allegations contained in ECF Doc. 7.

14. State that the supplement to the complaint titled "Supplement to 1983 Civil Rights Complaint Form" (*see* ECF Doc. 10) looks to include affidavits from

individuals and placeholders for USB flash drives including records in support of plaintiff's alleged claims. To the extent a response is required from defendants, defendants admit that she was previously employed at Arlington Resort Hotel & Spa; deny that plaintiff was unlawfully discriminated or retaliated against; deny plaintiff's allegations of sexual harassment; deny the claims asserted by plaintiff in the complaint; deny that plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever; and otherwise deny all allegations contained in the supplement to the complaint titled "Supplement to 1983 Civil Rights Complaint Form" (*see* ECF Doc. 10).

## GENERAL DENIAL

15.     Deny each and every allegation in the complaint and its attachments and supplements that is not specifically admitted in this answer.

## AFFIRMATIVE AND OTHER DEFENSES

16.     Adopt and assert all affirmative defenses available to them under Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, pursuant to Rule 8(a), Rule 8(d)(1), and Rule 10(b) of the Federal Rules of Civil Procedure, defendants assert that the complaint does not properly state plaintiff's claims of relief in accordance with the requirements that allegations be concise and direct and in properly designated paragraphs.

17.     Adopt and assert all affirmative defenses available to them under Rule 12 of the Federal Rules of Civil Procedure, specifically, pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure, for insufficiency of process.

3430272-v1

18.    Adopt and assert all affirmative defenses available to them under Rule 12 of the Federal Rules of Civil Procedure, specifically, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, for insufficiency of service of process.

19.    State that the complaint should be dismissed because it fails to state facts sufficient to constitute any cause of action against defendants and fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and any applicable state or federal law.

20.    State that plaintiff's claims are barred in whole or in part by plaintiff's at-will employee status; the after-acquired evidence doctrine; the lack of individual liability for defendants Al Rajabi and Jason Ingle as to all claims alleged in the complaint; the applicable statute of limitations for plaintiff's claims to the extent that they were not presented to the EEOC in a timely fashion or to the extent that they did not occur within the time frames prescribed by law; failure to exhaust any applicable administrative remedies to the extent the claims pursued are beyond the scope of the applicable EEOC Charge or to the extent there was a failure to satisfy the administrative prerequisites necessary to asserting such claims; the doctrines of laches, estoppel, unclean hands, waiver, and acquiescence; and plaintiff's mitigation of alleged damages or failure to mitigate any alleged damages.

21.    State that at all times relevant to this action, defendants acted lawfully and in good faith and had reasonable grounds to believe that its conduct with respect to plaintiff was in full compliance with all applicable statutes, laws, and regulations.

3430272-v1

22. State that any actions taken with respect to plaintiff were for legitimate and proper causes, and not because of any protected or illegal factor.

23. Pleading alternatively, in the event there is a finding by the Court that defendants considered an impermissible factor in any decision relating to plaintiff, which they deny, defendants state they would have taken the same actions in the absence of the impermissible factor. Further, any impermissible factor or factors considered by defendants were not the "but-for" cause or causes of any decision relating to plaintiff's employment.

24. While denying that any allegedly discriminatory acts took place and denying plaintiff's allegations of sexual harassment, defendants state that they exercise, and in the past have exercised, reasonable care to prevent and properly correct any discriminatory or improper behavior and state that plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided or to otherwise avoid harm.

25. While denying that any allegedly discriminatory or acts took place and denying plaintiff's allegations of sexual harassment, defendants state that plaintiff's claims are barred in whole or in part because defendants took prompt, effective, remedial action to investigate and end any and all objectionable conduct when such alleged objectionable conduct was brought to their attention.

26. State that plaintiff's alleged damages, if any, were caused by her own actions or omissions, were the proximate result of actions, fault, or comparative fault

7

of third-parties over which defendants have no control, and/or resulted from an intervening proximate cause.

27. State that plaintiff is barred from bringing the complaint, and each purported claim therein, and obtaining any relief pursuant to the claims alleged therein, by virtue of plaintiff's affirmative misconduct or omissions.

28. State that plaintiff's claims are barred to the extent she seeks remedies beyond those provided for by any applicable law.

29. State that the complaint fails to state a claim for compensatory, punitive, or any other type of damages.

30. State that plaintiff's alleged damages, if any, are limited or capped pursuant to applicable law.

31. State that any claim for punitive damages, if granted, would violate the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and violate the Arkansas Constitution because it seeks to impose an excessive fine upon defendants, is penal in nature, and seeks to punish defendants upon unconstitutionally vague standards.

32. State that any claim for punitive damages, if granted, would be grossly excessive and would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and any punitive damages sought by plaintiff are greatly disproportionate to any actual damages (which are denied) and far exceed any civil or criminal sanctions that could be imposed against defendants for similar alleged misconduct.

33. State that any claim for punitive damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution in the absence of an order bifurcating that claim from the issue of liability.

34. Hereby give notice that defendants intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery in this case and affirmatively assert and plead by reservation all Rule 12(b) defenses and Rule 8 affirmative defenses.

35. Reserve the right to plead further and specifically reserve the right to file an amended answer or counterclaim.

WHEREFORE, defendants Al Rajabi, Jason Ingle, Arlington Resort Hotel & Spa (incorrectly named The Arlington Hotel), and Sky Associates LLC respectfully request that the Court dismiss plaintiff Veronica Whisman's complaint against them and award costs and all other proper relief to them.

Respectfully submitted:

Regina A. Young (96161)
Daveante Jones (2016163)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
PH:   (501) 371-0808
ryoung@wlj.com; dljones@wlj.com

*Attorneys for Defendants*

3430272-v1