IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VERONICA WHISMAN                                                    PLAINTIFF

VS.                          CASE NO. 6:25-cv-06063-SOH

AL RAJABI; JASON INGLE;
THE ARLINGTON HOTEL;
SKY ASSOCIATES LLC                                                DEFENDANTS

### MEMORANDUM RESPONSE TO PLAINTIFF'S OMNIBUS MOTION

Defendants Al Rajabi, Jason Ingle, Arlington Resort Hotel & Spa (incorrectly named The Arlington Hotel), and Sky Associates LLC, for their response to plaintiff Veronica Whisman's omnibus motion (ECF Doc. 17) making premature requests for discovery and summary judgment, state:

1.      On June 20, 2025, plaintiff filed a complaint against defendants alleging, among other things, she was sexually harassed and retaliated against for making a complaint about the alleged sexual harassment during her employment at Arlington Resort Hotel & Spa. *See* ECF Doc. 2. She has since filed an addendum and supplement to her complaint. *See* ECF Docs. 7, 10.

2.      Defendant Jason Ingle was served with the complaint and summons on July 17, 2025 and the remaining defendants were served with the complaint and summons on July 18, 2025. Consistent with Federal Rule of Civil Procedure 12(a)(1)(A)(i), the Court entered a text order stating Ingle's answer was due August 7, 2025 while the remaining defendants' answers were due August 8, 2025. *See* ECF Doc. 12. Defendants filed a timely answer on August 7, 2025. *See* ECF Doc. 13.

3457128-v1

3.     Per the Court's Initial Scheduling Order, the parties have until September 26, 2025 to conduct their Rule 26(f) Conference and until October 3, 2025 to submit their Joint Rule 26 Report addressing the parties' views and proposals regarding discovery and pre-trial matters. *See* ECF Doc. 18.

4.     Plaintiff now makes multiple premature requests that must be denied in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

5.     First, plaintiff requests summary judgment asserting incorrectly that defendants did not file a timely answer. Defendants must serve an answer "within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). In accordance with this, the Court entered a text order stating that Ingle's answer was due August 7, 2025 and the remaining defendants' answers were due August 8, 2025 after defendant Jason Ingle was served on July 17, 2025 and the remaining defendants were served on July 18, 2025. *See* ECF Doc. 12. Despite plaintiff's incorrect assertion, defendants filed a timely answer on August 7, 2025. *See* ECF Doc. 13. Therefore, she is not entitled to summary judgment.

6.     Second, plaintiff seeks an order from the Court requiring defendants to turn over discovery on a number of topics despite the parties having not completed the required Rule 26(f) Conference and Joint Rule 26(f) Report. *See* ECF Doc. 17. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). As the parties have not conferred as required by Federal Rule

2

of Civil Procedure 26 and none of the relevant exceptions or authorizations apply to this matter, plaintiff's request for discovery is premature and defendants should not be ordered to respond to plaintiff's discovery request. *See id.*; Local Rule 26.1.

7.    Finally, without any factual proof, plaintiff asserts that defendants' answer is "outright deceitful and false" and she should be awarded the relief she seeks in her complaint while defendants should be "subjected to perjury charges." Federal Rule of Civil Procedure 56(c) requires that plaintiff cite to particular parts of materials in the record or show that the materials cited do not establish the absence or presence of a genuine dispute to be entitled to summary judgment. As the parties have not begun discovery to generate a record, these requests are also premature and should be denied.

8.    For these reasons, plaintiff's omnibus motion must be denied.

Respectfully submitted:

Regina A. Young (96161)
Daveante Jones (2016163)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
PH:    (501) 371-0808
ryoung@wlj.com; dljones@wlj.com

*Attorneys for Defendants*