IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VERONICA WHISMAN PLAINTIFF

v. CASE NO. 6:25-CV-06063-JTS

AL RAJABI, JASON INGLE,
THE ARLINGTON HOTEL, and
SKY ASSOCIATES, L.L.C. DEFENDANTS

**ORDER ON**
**PLAINTIFF'S MOTION TO RECOGNIZE AND PROTECT PRIVILEGED COMMUNICATIONS BETWEEN PLAINTIFF AND ARTIFICIAL INTELLIGENCE LEGAL ASSISTANCE TOOLS**

On May 20, 2026, Plaintiff filed a motion asking this Court to declare that her communications with AI legal assistance tools, including but not limited to Microsoft Copilot, constitutes attorney-client privileged communications and/or protected work product under Fed. R. Civ. P. 26(b)(3). (ECF No. 83). Pursuant to 28 U.S.C. §§ 636(b)(1) and (3), this case has been referred to the undersigned for all pretrial matters. (ECF No. 24).

## I. Attorney-Client Privilege

It is well established that the attorney-client privilege "protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice." The principle behind the privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). To invoke the privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice. *Fisher v. United States*, 425 U.S. 391, 403 (1976).

The privilege is narrowly construed and "protects only those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976).

Applying these principles here, the AI searches and documents lack at least two, if not three, elements of the attorney-client privilege. First, the AI materials are not communications between Plaintiff and her counsel. Although the Plaintiff asks this Court to recognize Microsoft Copilot as a legal assistant, Copilot is neither an attorney nor an employee of an attorney. *See Grato Holdings, Inc. v. JB7, LLC*, 2024 WL 6991369, *2 (W.D. Iowa Nov. 19, 2024) (holding attorney-client privilege sometimes, but not always, protects communications between non-lawyer employees about imminent future discussions with an attorney). Microsoft states that Copilot should not be relied upon for legal advice. *See* Microsoft Service Agreement, *at* https://www.microsoft.com/en-us/servicesagreement/ (last accessed July 13, 2026).

Further, although Microsoft states that Copilot conversations are private, their Privacy Statement indicates they use those conversations to troubleshoot problems, diagnose bugs, prevent abuse, and to monitor, analyze and improve performance. *See* Privacy FAQ for Microsoft Copilot, *at* https://support.microsoft.com/en-us/microsoft-copilot/privacy-faq-for-microsoft-copilot (last accessed July 13, 2026). In fact, trained AI experts may review Copilot conversations to build, evaluate, and improve accuracy. *Id*. And Microsoft specifically advises against providing any confidential or sensitive personal data. *Id*. As such, communications with Copilot, no matter how well intended, are not completely confidential and are accessible by Microsoft for certain purposes.

And, lastly, despite Plaintiff's reliance on Copilot for legal advice, the platform is not designed to provide professional advice. The Service Agreement specifically states, "AI services are not designed, intended, or to be used as substitutes for professional advice." *See* Microsoft

Service Agreement, *at* https://www.microsoft.com/en-us/servicesagreement/ (last accessed July 13, 2026). Therefore, AI legal assistance tools are not protected by the attorney-client privilege.

## II. Work Product Doctrine

Plaintiff also seeks protection of her AI searches and document production under the work product doctrine. The work product doctrine, "[a]t its core [,] . . . shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). Additionally, Rule 26(b)(3) provides protection for "documents and tangible things that are prepared in anticipation of litigation or for trial" and protects against disclosure "of the mental impressions, conclusions, opinions, or legal theories of a party's attorney *or other representative* concerning the litigation." Fed. R. Civ. P. 26(b)(3)(A), (B) (emphasis added). Plaintiff, as a *pro se* litigant, has a right to assert work product protection over such material. *See Warner v. Gilbaro, Inc.*, 820 F. Supp.3d 629, 636-637 (E.D. Mich. Feb. 10, 2026); *Anderson v. Furst*, No. 2:17-12676, 2019 WL 2284731, *4 (E.D. Mich. May 29, 2019) (Patti, M.J.) ("Plaintiff, as a *pro se* litigant, has a right to assert work product protection over such material."); *Dessault Systemes, Sa v. Childress*, No. 09-10534, 2013 WL 12181774, at *1 (E.D. Mich. Nov. 22, 2013) (acknowledging that defendant, a *pro se* litigant, has the right to assert work product protection). Further, the mere fact that she used an AI tool, such as Microsoft Copilot does not constitute waiver of the work product privilege. Unlike the attorney-client privilege, the work-product waiver has to be a waiver *to an adversary* or in a way likely to get in an adversary's hand. *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 306 n.28 (6th Cir. 2002) (explaining differences in waiver of attorney-client privilege and work product protection); *Schanfield v. Sojitz Corp. of Am.*, 258 F.R.D. 211, 214 (S.D.N.Y. 2009) ("It is well-established that voluntary disclosure of confidential material to a third party waives any applicable

attorney-client privilege."). *See also United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("while the mere showing of a voluntary disclosure to a third person will generally suffice to show waiver of the attorney-client privilege, it should not suffice in itself for waiver of the work product privilege."). AI programs are tools, not people. Even if administrators are working in the background, the results of an individual's search queries and/or conversations are unlikely to fall into the hands of the adversary. As previously noted, they are not made public and are only used by Microsoft to troubleshoot problems, diagnose bugs, prevent abuse, and to monitor, analyze and improve performance. *See* Privacy FAQ for Microsoft Copilot, *at* https://support.microsoft.com/en-us/microsoft-copilot/privacy-faq-for-microsoft-copilot (last accessed July 13, 2026). Accordingly, Plaintiff's AI searches, conversations, and document drafts are protected under the work product doctrine.

## III. Conclusion

Accordingly, for the reasons stated, Plaintiff's Motion to Recognize and Protect Privileged Communications Between Plaintiff and Artificial Intelligence Legal Assistance Tools is **GRANTED**.

IT IS SO ORDERED on this 15th day of July 2026.

/s/ Mark E. Ford

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE