IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VERONICA WHISMAN PLAINTIFF

v. CASE NO. 6:25-CV-06063-JTS-MEF

AL RAJABI, JASON ENGLE,
THE ARLINGTON HOTEL RESORT
& SPA, and SKY ASSOCIATES, L.L.C. DEFENDANTS

# ORDER

Before the Court are Plaintiff's Motions to Reopen Discovery, for Class Certification, and for Leave to Amend her Complaint. (ECF Nos. 103, 104, 105). Pursuant to 28 U.S.C. §§ 636(b)(1) and (3), the case was referred to the undersigned for all pretrial matters. (ECF No. 24).

## I. BACKGROUND

Plaintiff, a former employee of the Arlington Resort Hotel and Spa ("the Arlington"), alleges that her hours were cut after she reported the sexual harassment of the male housekeeping coordinator, Jason Engle ("Engle"), leading to her eventual resignation. She filed the present suit on June 20, 2025, against hotel owner, Al Rajabi, Engle, and the Arlington for sexual harassment and retaliation in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964. (ECF No. 2).

## II. MOTION TO REOPEN DISCOVERY (ECF No. 103)

On August 3, 3036, Plaintiff filed a Motion to Reopen Discovery. (ECF No. 103). Based upon our Order of July 15, 2026, which directed the Defendants to provide Plaintiff with the name of the third victim "who complained about sexual harassment," the Plaintiff seeks to reopen discovery to allow her to take depositions and serve supplemental interrogatories and requests for production. The undersigned has, however, submitted two Report and Recommendations

recommending that the Plaintiff's Complaint be dismissed. And reopening the discovery period will not cure the defects in Plaintiff's case. Accordingly, Plaintiff's Motion to Reopen Discovery (ECF No. 103) is hereby **DENIED**.

### III. MOTION FOR CLASS CERTIFICATION (ECF No. 104)

Plaintiff has also filed a Motion for Class Certification, seeking to represent "a class of female guests, residents, and employees of the Arlington who were subjected to sexual harassment, unwanted touching, or a hostile environment" created by Engle. (ECF No. 104). Under Federal Rule of Civil Procedure 23(a), a plaintiff can sue as a representative of or on behalf of parties only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Because of the requirement under Rule 23(a)(4) that a class have adequate representation, courts have repeatedly declined to allow *pro se* parties to represent a class in a class action. *See, e.g.*, *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit pro se litigant to represent his fellow inmates in a class action); *Perkins v. Holder*, Case No. CIV. 13-2874 PAM/FLN, 2014 WL 755378, at *5 (D. Minn. Feb. 26, 2014), *aff'd* (Dec. 9, 2014) ("[*P*]*ro se* litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise)).

To provide adequate class representation, Federal Rule of Procedure 23(g) requires, among other considerations, that the class counsel appointed have experience in handling class actions and other complex litigation. Because Plaintiff is not a licensed attorney, she cannot satisfy the requirements of either Rule 23(a) or Rule 23(g). She can, therefore, only bring the claims raised in her individual capacity and not on behalf of a class.

Plaintiff does ask the Court to appoint counsel in her case so the case can proceed as a class action. She has previously filed numerous motions to appoint counsel. (ECF No. 19, 81, 88). For the same reasons set forth in the Court's previous orders (ECF Nos. 26, 96), Plaintiff's request for counsel is again denied. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action, but the Court may appoint counsel at its discretion. 28 U.S.C. 1915 (e)(1). The Court has once again considered the need for an attorney, the likelihood that Plaintiff will benefit from assistance of counsel, the factual and legal complexity of the case, and whether Plaintiff can investigate and present this case. In considering these factors, the Court finds the claims do not appear legally or factually complex, and Plaintiff is adequately prosecuting her case.

## IV. MOTION FOR LEAVE TO AMEND COMPLAINT (ECF No. 105)

Plaintiff also requests leave to amend her Complaint. (ECF No. 105). She seeks to add Kori Nooner as a defendant. Rule 15 of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has enunciated the following general standard, which is to be employed under Rule 15(a) by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Permission to amend may, however, be withheld if the amendment would be futile. *Popoalii v. Corr. Med. Servs*., 512 F .3d 488, 497 (8th Cir. 2008)

(citing *Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003)). An amendment is futile if the amended pleading could not withstand a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12; *Lexington Ins. Co., v. S & N Display Fireworks, Inc.*, 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011) (quoting *Bakhtiari v. Beyer*, 2008 WL 3200820, *1 (E.D. Mo. Aug. 6, 2008)).

The Court finds that the inclusion of Kori Nooner as a defendant in the case would be futile. Claims against Ms. Nooner in her individual capacity would be subject to dismissal because "Title VII claims are applicable to employers, but not to individuals." *Moss v. Texarkana Arkansas School District*, 240 F. Supp. 3d 966, 973 (W.D. Ark. 2017) (citing *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008)); *see also Carson v. Lacy*, 856 F. App'x 53, 54 (8th Cir. 2021) (Plaintiff's claims against individual defendant was properly dismissed, because individual defendant could not be held individually liable under Title VII or the Arkansas Civil Rights Act). It addresses the conduct of employers, not supervisors or coworkers. *Van Horn*, 526 F.3d at 1147; *Powell v. Yellow Book USA*, 445 F.3d 1074, 1079 (8th Cir. 2006).

Additionally, any claim against Ms. Nooner in her official capacity would also be dismissed as duplicative. "[I]f a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action." *Carter v. Military Department of Arkansas*, 2019 WL 4741651, at *4 (E.D. Ark. Sept. 27, 2019). Accordingly, Plaintiff's Motion for Leave to Amend her Complaint is **DENIED**. (ECF No. 105)

## V. CONCLUSION

For these reasons, Plaintiff's Motion to Reopen Discovery (ECF No. 103), Motion for Class Certification (ECF No. 104), and Motion for Leave to Amended her Complaint (ECF No. 105) are hereby **DENIED**.

IT IS SO ORDERED this 17th day of August 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE